Stan S. Mallison, Esq. (SBN 184191)
Hector R. Martinez, Esq. (SBN 206336)
Marco A. Palau, Esq. (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, CA 94549
Telephone:   (925) 283-3842
Facsimile:    (925) 283-3426
stanm@mallisonlaw.com
hector@mallisonlaw.com

Attorneys for Plaintiffs
ROSA ESCAMILLA-SOSA
and SANDRA CASTRO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ESCAMILLA-SOSA and SANDRA CASTRO,<br><br>          Plaintiffs,<br><br>     vs.<br><br>FLOR MADSEN,<br><br>          Defendant. | **Case No. C08-05807-PVT**<br><br>**UPDATED CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: April 20, 2010<br>Time: 2:00 pm |

**1.    Summary:**

This is a wage and hour action originally on behalf of two caregiver employees working at Flor Madsen's unincorporated licensed California residential care facility for the elderly. Since the last mediation, Plaintiffs have filed an amended complaint adding California Labor Code Private Attorney General Act claims as an enforcement action for the State of California and a few additional employees of Flor Madsen. This institution has approximately 15 beds and is licensed in California as a Residential Care Facility for the Elderly.

<u>It appears that Defendant has failed to record or produce any timekeeping records</u>. Under Amaral v. Cintas, 163 Cal.App.4th 1157, 1190 (2008) plaintiffs will a shift of the burden of proof in light of Defendant' failure to create and maintain records of rest and meal period records demonstrating that employees were actually relieved of all duty. Amaral v. Cintas 163 Cal.App.4th 1157, 1190 (2008). In such circumstances, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988). Defendant is "in the best position" to have recorded rest breaks, even if the statute imposes "no record-keeping requirements as such." Id.

<u>Plaintiffs testimony will establish that there are two basic schedules generally worked by employees of Flor Madsen during the time period in question:</u>

**Schedule 1:** Monday from 10 a.m. non-stop through Saturday at 10 a.m.

| Day | Schedule | Regular hours | Overtime | Double Time |
|---|---|---|---|---|
| Monday | 10 a.m. – Midnight | 8 | 4 | 2 |
| Tuesday | Midnight-Midnight | 8 | 4 | 12 |
| Wednesday | Midnight-Midnight | 8 | 4 | 12 |
| Thursday | Midnight-Midnight | 8 | 4 | 12 |
| Friday | Midnight-Midnight | 8 | 4 | 12 |
| Saturday | Midnight-10 a.m | 0 | 10 | 0 |
| TOTAL | 120 hours | 40 | 30 | 50 |

**Schedule 2:** The second schedule that was worked was essentially the same as above but ran from Wednesday from 10 am. non-stop through Monday at 10 a.m.

| Day | Schedule | Regular hours | Overtime | Double Time |
|---|---|---|---|---|
| Wednesday | 10 a.m. – Midnight | 8 | 4 | 2 |
| Thursday | Midnight-Midnight | 8 | 4 | 12 |
| Friday | Midnight-Midnight | 8 | 4 | 12 |
| Saturday | Midnight-Midnight | 8 | 4 | 12 |
| Sunday | Midnight-Midnight | 8 | 4 | 12 |
| Monday | Midnight-10 a.m | 0 | 10 | 0 |
| TOTAL | 120 | 40 | 30 | 50 |

In sum, 30 hours of overtime a week and 50 hours of double time a week went uncompensated.

Although Plaintiffs were permitted to sleep and eat, they were never "off-duty" as they could not sleep or eat without interruption or leave the facility without permission and relief. Plaintiffs were required to be constantly available for any nursing tasks and could not leave the facility without special arrangement. As such, Plaintiffs were not provided their proper statutory meal periods (one off-duty meal period every 5 hours of work) nor provided 10 minute rest periods. Plaintiff Escamilla-Sosa often also worked on her time off doing additional personal tasks for Flor Madsen or her daughter including babysitting the daughter's child. Plaintiffs' case is exceptionally strong and Defendants have failed to keep any timekeeping records shifting the burden of proof to Defendants under Mendoza and Cintas.

It is Defendants' burden in this case to prove that the above schedule was not, in fact, worked or to prove some other defense in this case. Defendants' witnesses cannot carry this burden.

**2.     Settlement and ADR**

Plaintiffs are immently expecting discovery responses from Defendant regarding the larger employee-wide and California claims in this case. Defendants have yet to provide the witness contact information requested through discovery.

When such discovery is received, Plaintiffs believe the original mediator in this case, David Holberry, might be able to resolve this case. Plaintiffs do not believe that mediator Mr. Grover can resolve the case, will not agree to mediate in front of Mr. Grover, and have made that point numerous time to the court and defendants.

### 3.   Defendants' Assertions

Defendants' CMC statements continue to include irrelevant and improper assertions regarding Plaintiffs' immigration status. Such allegations are improper in wage and hour disputes under California (Labor Code §1171.5) and Federal law (see e.g. Patel v. Quality Inn 846, F.2d 700, 706). The Ninth Circuit has upheld the issuance of a protective order where Defendants have attempted to improperly use immigration status as a means of gaining advantage in a lawsuit. Rivera v. Nibco, Inc., 364 F.3d 1057, 1064 (9th Cir. 2003). In addition, Defendant continues to assert other unfounded quasi-criminal assertions in their papers. For example, Defendants imply that Plaintiffs "stole" records from Defenants. Here it appears that the purpose of these assertions to either taint these proceedings or somehow otherwise gain advantage in this civil action – neither of which are proper. As such, Plaintiffs request that this Court admonish Defense counsel with regards to such tactics.

### 4.   Schedule

Plaintiffs agree with Defendants' proposed schedule as long as no stay is imposed for mediation.

DATED: April 14, 2010                           MALLISON & MARTINEZ

/s/ Stan Mallison

Attorneys for Plaintiffs Rosa Escamilla-Sosa and Sandra Castro

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28