Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
Mallison & Martinez
Attorneys at Law
1939 Harrison Street, Suite 730
Oakland, CA  94612
Telephone:  510-832-9999
Facsimile:   510-832-1101
stanm@mallisonlaw.com
hectorm@themmlawfirm.com
mpalau@themmlawfirm.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE BRANCH

| | |
|---|---|
| ROSA ESCAMILLA-SOSA and SANDRA CASTRO,<br><br>              Plaintiffs,<br><br>       vs.<br><br>FLOR MADSEN,<br><br>              Defendant. | Case No.: C08 05807 PVT<br><br>PLAINTIFFS' UPDATED CASE MANAGEMENT CONFERENCE STATEMENT<br><br>DATE:  June 22, 2010<br>TIME:  2:00 p.m.<br><br>Hon. Magistrate Judge Patricia V. Trumbull |

**1. Summary**

This is a wage and hour action originally on behalf of two caregiver employees working at Defendant Flor Madsen's unincorporated licensed California residential care facility for the elderly.  Plaintiffs have filed an amended complaint adding California Labor Code Private Attorney General Act claims as an enforcement action for the State of California and a few additional employees of Flor Madsen. This institution has approximately 15 beds and is licensed in California as a Residential Care Facility for the Elderly.

It appears that Defendant Flor Madsen ("Defendant") has failed to record or produce any timekeeping records. Under *Amaral v. Cintas*, 163 Cal.App.4th 1157, 1190 (2008), Plaintiffs will

a shift of the burden of proof in light of Defendant's failure to create and maintain records of rest and meal period records demonstrating that employees were actually relieved of all duty. *Amaral v. Cintas,* 163 Cal.App.4th 1157, 1190 (2008). In such circumstances, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988). Defendant is "in the best position" to have recorded rest breaks, even if the statute imposes "no record-keeping requirements as such." *Id.*

The testimony of Plaintiffs and others will establish that they were not "baby sitters" as alleged by Defendant. Rather, they were in fact were hired as caregivers, required to work overtime and double-time, through their meal and rest periods, and generally had their wage and hour rights intentionally disregarded.

**2. Settlement and ADR**

Plaintiffs will continue to seek and likely move to compel discovery responses from Defendant regarding the larger employee-wide and California claims in this case. Defendants have yet to provide the witness contact information requested through discovery.

Although Plaintiffs have made good faith efforts to resolve this case in mediation, it appears that Defendants have simply used ADR to delay litigated without any intention of settling this matter in any reasonable way.

**3. Defendant's Assertions**

Defendant's CMC statements continue to include irrelevant and improper assertions regarding Plaintiffs' immigration status. Such allegations are improper in wage and hour disputes Under California (Labor Code §1171.5) and Federal law (see e.g., *Patel v. Quality Inn*, 846 F.2d 700, 706). The Ninth Circuit has upheld the issuance of a protective order where Defendants have attempted to improperly use immigration status as a means of gaining advantage in a lawsuit. *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2003). In addition, Defendant continues to assert other unfounded quasi-criminal assertions in their papers. For example,

Defendants imply that Plaintiffs "stole" records from Defendants. Here it appears that the purpose of these assertions to either taint these proceedings or somehow otherwise gain advantage in this civil action – neither of which are proper. As such, Plaintiffs again request that this Court admonish Defense counsel with regards to such tactics.

**4. Schedule**

Plaintiffs are willing to agree with Defendant's proposed schedule but anticipate that this Court will not tolerate any further delay as proposed by Defendants.

Dated: June 15, 2010				MALLISON & MARTINEZ

/s/ Hector R. Martinez
Stan S. Mallison
Hector R. Martinez
Marco A. Palau

PLAINTIFFS' UPDATED CASE MANAGEMENT STATEMENT